**UNITED STATES of America**

v.

**Amanda MITCHELL, aka Amanda Foster**

**Amanda Mitchell, Appellant**

**No. 96–1605.**

United States Court of Appeals, Third Circuit.

Argued July 17, 1997.

Decided Sept. 9, 1997.

Certiorari Granted June 15, 1998.

On Remand from the Supreme Court of the United States April 5, 1999.

Submitted July 28, 1999.

Decided Aug. 10, 1999.

* Hon. Paul R. Michel, United States Court of Appeals for the Federal Circuit, sitting by

Steven A. Morley, Philadelphia, PA, for Appellant.

Barbara L. Miller, Office of United States Attorney, Philadelphia, PA, for Appellee.

Before: SLOVITER, ROTH and MICHEL,* Circuit Judges

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

This case comes before us on remand from the United States Supreme Court. Amanda Mitchell, who was indicted along with 22 other defendants in connection with a cocaine conspiracy conducted between 1989 and March 1994 in Allentown, Pennsylvania, pled guilty to one count of conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846 and three counts of distributing cocaine within 1,000 feet of a school or playground in violation of 21 U.S.C. § 860(a). She reserved the right to contest the drug

designation.

quantity attributable to her under the conspiracy count.

At the sentencing hearing, the government referred to and adopted trial testimony relevant to the quantity of cocaine sold by Mitchell and to her role in the conspiracy. The government called an additional witness who testified at the sentencing hearing that between April 1992 and August 1992 Mitchell worked two to three times a week selling one and one half to two ounces of cocaine each day, that between August 1992 and December 1993 she worked three to five times a week, and that from January 1994 through March 1994 Mitchell was in charge of distribution. The witness conceded on cross-examination that he did not see Mitchell consistently throughout this period.

Mitchell put on no evidence at the sentencing hearing and declined to testify to rebut the government's evidence about drug quantity, relying upon her privilege against self-incrimination. The District Court held that Mitchell no longer had a Fifth Amendment right not to testify and stated that it would draw an adverse inference from "her failure to come forward and explain [her] side of this issue." Accordingly, the court concluded that Mitchell sold almost thirteen kilograms of cocaine and sentenced her to the statutory minimum sentence of 120 months imprisonment, six years of supervised release, and a special assessment of $200.00.

On appeal, this court affirmed, holding that a defendant who pled guilty no longer retains a Fifth Amendment right not to testify during sentencing. See United States v. Mitchell, 122 F.3d 185 (3d Cir. 1997). The Supreme Court granted certiorari and reversed. See Mitchell v. United States, —— U.S. ——, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999). The Court held that a defendant's guilty plea does not waive that defendant's Fifth Amendment privilege against self-incrimination for sentencing purposes and that a sentencing court may not draw an adverse inference from the defendant's silence at sentencing.

The Supreme Court remanded the case to this court for further proceedings consistent with its opinion. Upon receipt of the Supreme Court's opinion, we asked the parties to comment as to their recommendations for further proceedings. Both the United States and Mitchell have requested that the case be remanded to the District Court. Counsel for Mitchell argues that we should remand for a full sentencing hearing because the District Court expressed "lingering doubts that the government had met its burden of proof." Letter from counsel for Mitchell dated June 29, 1999.

The government, on the other hand, argues that the evidence at sentencing was sufficient to support a finding that Mitchell was responsible for the distribution of more than five kilograms of cocaine, and notes that on appeal we held the evidence was sufficient to support the finding that Mitchell sold at least thirteen kilograms of cocaine. See Mitchell, 122 F.3d at 191–92. The government submits that therefore the District Court, upon remand, could make appropriate findings as to drug quantity without reliance or reference to Mitchell's valid assertion of her Fifth Amendment right.

The parties also differ as to whether we should vacate the sentence, with Mitchell's counsel arguing that the sentence should be vacated and the government arguing there is no need to do so because the record may support the District Court's finding as to Mitchell's responsibility for distribution of approximately thirteen kilograms of cocaine.

We find it difficult to accept the government's suggestion that a full sentencing rehearing can be avoided under the circumstances in this case because the District Court judge who presided at trial and conducted the sentencing hearing has since retired from the bench. As we noted in our opinion on appeal, "the district court found credible the four witnesses who testified that Mitchell sold cocaine on a regu-

lar basis." *Id.* at 192. Because on remand this case must be assigned to a district judge who had not had the opportunity to observe the witnesses either at trial or at the sentencing hearing, we believe that it is better procedure to direct a full sentencing hearing.

Accordingly, we will vacate the sentence imposed upon Amanda Mitchell and remand the matter to the District Court so that it can conduct a new sentencing hearing and conduct any further proceedings consistent with the opinion of the Supreme Court of the United States and this opinion.